IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-03002-KMT

TAJUDDIN ASHAHEED,

    Plaintiff,

v.

THOMAS E. CURRINGTON, in his individual and official capacities,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, by and through counsel, David Lane of KILLMER, LANE & NEWMAN, LLP and Mandarin A. Bowers of MANDARIN A. BOWERS, P.C., respectfully alleges for his Complaint and Jury Demand as follows:

## I. INTRODUCTION

1. This case involves Defendant Corrections Sergeant Thomas E. Currington's acts of ordering Plaintiff Tajuddin Ashaheed, a practicing Muslim inmate, to submit to having his beard shaved, despite Plaintiff Ashaheed's documented Muslim status at the Colorado Department of Corrections (CDOC) and assertion of his Islamic religious beliefs in the practice of not shaving his beard in violation of the First Amendment, RLUIPA and the United States Supreme Court's holding in *Holt v. Hobbs*, 135 S. Ct. 853 (2015). Defendant Currington's subsequent threats of retaliation by punishment and solitary confinement if Plaintiff Ashaheed failed to comply with the order to submit to having his beard shaved, amount to retaliation for the free exercise of Mr. Ashaheed's religious beliefs.

## II. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States and the State of Colorado, and is brought pursuant to Title 42 U.S.C. § 1983 as well as 42 U.S.C. § 2000cc-1(a) (RLUIPA violation).

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

3. Jurisdiction supporting Plaintiff Ashaheed's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

4. Plaintiff Ashaheed has exhausted all administrative remedies prior to filing this Complaint.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

### III. PARTIES

**Plaintiff**

6. Plaintiff Tajuddin Ashaheed is a citizen of the United States and was at all times relevant hereto a resident of and domiciled in the State of Colorado.

**Defendant**

7. At all times relevant to this Complaint, Defendant Thomas E. Currington was a citizen of the United States, a resident of and domiciled in the State of Colorado, and was acting under color of state law in his capacity as a Sergeant employed by the Colorado Department of Corrections (CDOC).CurringtonCurrington.

8. Defendant Currington is sued in his individual capacity with respect to each Claim for Relief set forth below, except for the Third Claim for Relief, under 42 U.S.C.

§2000cc-1(a), Religious Land Use and Institutionalized Persons Act (RLUIPA), for which Defendant Currington is sued in his official capacity only.

## IV. FACTS

9. As a practicing Muslim, Plaintiff Ashaheed observes rituals including congregational prayer, fasting at Ramadan, and the "Sunnha" practice of leaving one's beard to grow, a fundamental tenet of Islam.

10. Plaintiff Ashaheed wears his beard as a sign of his sincerely held faith of decades, cultural inclusion and respect for tradition. Plaintiff Ashaheed's beard is integral to his religious identity. He believes his beard connotes piety and spirituality, and dictates how he is perceived by the world. It is Plaintiff Ashaheed's deeply held spiritual belief that, based on the word and example of the Prophet Muhammad, shaving his beard is forbidden and, as such, violates a core tenet of his faith.

11. In 1993, Plaintiff Ashaheed was serving a sentence at the Colorado Department of Corrections (CDOC). Plaintiff Ashaheed made known his Muslim faith and signed a written declaration of his religious affiliation. Plaintiff Ashaheed's CDOC file was documented with his religious affiliation with the faith of Islam. Plaintiff Ashaheed was given a Koran and prayer rug, and he participated in religious practices such as congregational prayer, dietary practices, and observance of religious holidays consistently throughout his time at CDOC and thereafter.

12. In 2014, Plaintiff Ashaheed began a 4-year sentence at CDOC, at which time his file was updated and continued to document his Muslim faith. Plaintiff Ashaheed continued devotional practice of his religious faith throughout his time at CDOC.

13. In March 2016, Plaintiff Ashaheed was released on parole. In July 2016, Plaintiff Ashaheed was remanded to CDOC to serve 90 days for technical violations of parole.

14. On July 5, 2016, Plaintiff Ashaheed appeared at CDOC's Denver Reception and Diagnostic Center (DRDC) for intake to begin his 90-day sentence. On that date, as a practicing Muslim, Plaintiff Ashaheed was observing the holy month of Ramadan, the most sacred month for Muslims.

15. At the time of his intake at DRDC, as he had since 1993, Plaintiff Ashaheed wore a beard in accordance with his Muslim faith. Plaintiff Ashaheed also had on his right forearm a tattoo of a star and crescent, a symbol of Islam.

16. During the intake process at DRDC, inmates are evaluated for classification and placement in an appropriate facility. As the initial step in the intake process, an intake officer interviewed Plaintiff Ashaheed to review and update the information in Plaintiff Ashaheed's CDOC file. At that time, as is required, the intake officer asked for Plaintiff Ashaheed's religious faith group affiliation, then documented Plaintiff Ashaheed's file with his continued practice of the Muslim faith and has sincerely held these religious beliefs for decades. The intake officer did not require Plaintiff Ashaheed to sign a form declaring his religion because his previous religious faith group affiliation declaration was still in his file.

17. After his intake interview, Plaintiff Ashaheed was directed to shower, submit to a physical examination and documentation of his tattoos, and dress in an orange jumpsuit. Upon completing this process, Plaintiff Ashaheed was moved into the public hallway to walk with other inmates to the sitting area.

18. Although DRDC policies require that inmates must have their beards shaved at intake, in accordance with state and federal law, DRDC policies as well as the United States Constitution provide an exemption for inmates who wear a beard based on religious tenets.

Pursuant to these policies, a Muslim inmate may not be required to submit to having his beard shaved.

19. During the intake process, despite DRDC's exemption policies and Plaintiff Ashaheed's assertion of his Muslim faith, Defendant Currington ordered Plaintiff Ashaheed to submit to having his beard shaved.

20. When Plaintiff Ashaheed explained that he is a practicing Muslim and that shaving his beard would violate a core tenet of his faith, Defendant Currington stated that Plaintiff Ashaheed must have a "full beard" in order to "qualify" for the religious exemption to beard shaving.

21. Plaintiff Ashaheed then explained that he is physically unable to grow a full beard, reiterated that his beard is worn for religious practices, and stated that his religious affiliation is documented in his CDOC file, Defendant Currington replied that he "didn't want to hear about it".

22. Defendant Currington then threatened retaliation if Plaintiff Ashaheed did not submit to having his beard shaved, stating that Plaintiff Ashaheed would be "thrown in the hole", meaning solitary confinement and isolation.

23. Facing punishment and solitary confinement, Plaintiff Ashaheed submitted to having his beard shaved by the inmate barber. Plaintiff Ashaheed spent the remaining holy days of Ramadan, and months thereafter, beardless, feeling dehumanized, humiliated, his faith having been disrespected. This was a substantial burden on Mr. Ashaheed's religious belief and advanced no penological interest of the CDOC or Defendant Currington.

24. Defendant Currington's unjustified and discriminatory order forced Plaintiff Ashaheed to choose between engaging in conduct that seriously violated his religious beliefs, or

5

face retaliation and punishment by solitary confinement. Defendant Currington's knowing and deliberate acts placed a substantial burden on Plaintiff Ashaheed's religious exercise, thus violating Plaintiff Ashaheed's constitutionally protected rights to free exercise of religion protected by the First Amendment, Equal Protection, and RLUIPA, causing Plaintiff Ashaheed significant emotional distress and injury.

25. For the following many months, as his beard slowly regrew, Plaintiff Ashaheed was constantly reminded of, and struggled with, the vulnerability, humiliation, marginalization, demoralization and loss of identity he experienced since he was forced to submit to having his beard shaved, and the dishonor to his Muslim faith he felt when, at the hands of Defendant Currington, he was stripped of his ability to fully participate in his religious observances during the most holy month of Ramadan and thereafter.

26. At no time was Defendant Currington's order justified or explained, and his order that Plaintiff Ashaheed submit to having his beard shaved did not further any compelling interest of the state.

27. At all relevant times, Defendant Currington knew of Plaintiff Ashaheed's religious identification as a Muslim, yet, based on his discriminatory animus toward Plaintiff Ashaheed's religious beliefs, Defendant Currington victimized and marginalized Plaintiff Ashaheed by ordering that his beard be shaved, knowingly violating Plaintiff Ashaheed's constitutionally protected rights to free exercise of religion as protected by the First Amendment, Equal Protection and RULIPA, substantially burdening Plaintiff Ashaheed's exercise of religion and causing him significant emotional distress and injury.

28. Defendant Currington's actions and inactions as described herein were designed to limit and interrupt Plaintiff Ashaheed's religious practice and, when Plaintiff Ashaheed

attempted to assert his religious beliefs and affiliation, Defendant Currington threatened Plaintiff Ashaheed with retaliation by punishment and solitary confinement.

29. This incident constitutes part of a CDOC/DRDC pattern and practice of substantially burdening and interfering with Muslim inmates' ability to freely practice their religion, including, but not limited to, publicly demeaning Muslim practices, culturally isolating Muslim inmates, and generally fostering an environment in which the practice of Islam is burdensome to Muslim inmates. On information and belief, other religious groups do not face the same challenges, nor are they subject to the same apparent animus and burdens as those directed by Defendant Currington towards Muslim inmates.

## V. STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – First Amendment Violation**
**Free Exercise of Religious Freedom**
**(Against the Defendant in his individual capacity)**

30. Plaintiff Ashaheed incorporates all other paragraphs of this Complaint for purposes of this Claim.

31. Plaintiff Ashaheed was engaging in or attempting to engage in a constitutionally protected religious activity at all relevant times.

32. Plaintiff Ashaheed's religious beliefs are sincerely held and his participation the "Sunnha" practice of leaving one's beard to grow, a fundamental tenet of Islam, is a part of his regular religious practices.

33. Defendant Currington's actions and inactions, as described above, were designed to limit and interrupt Plaintiff Ashaheed's' religious practices and were directed towards Plaintiff Ashaheed because of his particular religious beliefs.

7

34. Defendant Currington's actions and inactions placed a significant burden on Plaintiff Ashaheed in the free exercise of his Muslim religious beliefs, both as a discrete act and as part of a wider pattern of discrimination against Muslim inmates based on their religious beliefs.

35. Defendant Currington's action of ordering Plaintiff Ashaheed to submit to having his beard shaved, a violation a core tenet of Islam, was undertaken due to Defendant Currington's animus for Islam and its practitioners.

36. Defendant Currington's adverse actions and inactions, as described herein, caused Plaintiff Ashaheed to suffer injuries, including an inability to engage in a significant religious practice, to participate in the Muslim practice and tradition of the Sunnha, to demonstrate his respect for his Islamic faith and traditions by wearing a beard as a sign of his faith, and an inability to be identified as Muslim in a culturally significant way, all during the holiest of months, Ramadan.

37. Defendant Currington's conduct violated clearly Plaintiff's established rights of which reasonable public officials knew or should have known.

38. Defendant Currington's conduct was un justified and did not advance any interest relative to his position as a Corrections Officer, or such interests were otherwise outweighed by Plaintiff Ashaheed's interest in engaging in his sincerely held religious practice.

39. Defendant Currington engaged in the conduct described by this Complaint intentionally, knowingly, recklessly, willfully and wantonly and in reckless disregard of Plaintiff Ashaheed's constitutional rights.

40. Defendant Currington's conduct legally and proximately caused significant injuries, damages, and losses to Plaintiff Ashaheed.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – EQUAL PROTECTION VIOLATION
### (Against Defendant in his individual capacity)

41. Plaintiff Ashaheed incorporates all other paragraphs of this Complaint for purposes of this Claim.

42. Plaintiff is a member of a discrete minority of Muslim inmates in DRDC, DOC Skyline, and the Colorado Department of Corrections as a whole.

43. Plaintiff Ashaheed was subjected to unjustified and discriminatory orders because of his sincerely held religious beliefs.

44. This discriminatory conduct by Defendant Currington against Plaintiff Ashaheed was the result of Plaintiff Ashaheed's status as a Muslim inmate and constitutes discriminatory treatment under the law.

## THIRD CLAIM FOR RELIEF
## 42 U.S.C. § 2000cc-1(a)-RLUIPA VIOLATION
### (Against the Defendant in his official capacity[1])

45. The denial of Plaintiff Ashaheed's rights due to his religious beliefs constitutes a violation of the Religious Lane Use and Institutionalized Persons Act of 2000 (RLUIPA), 42. U.S.C. §§ 2000cc, *et. seq*.

46. At the time Defendant Currington ordered Plaintiff Ashaheed to submit to having his beard shaved, Plaintiff Ashaheed was attempting to engage and fully participate in his sincerely held religious beliefs and practices.

47. By ordering Plaintiff Ashaheed, a devout Muslim whose sincerely held religious beliefs have been documented at DOC for over 23 years, to submit to having his beard shaved, Defendant Currington placed a substantial burden on Plaintiff Ashaheed's practice of Islam.

---

[1] Plaintiff understands the Eleventh Amendment and the limitations on damages from RLUIPA.

48. There is no legal justification for, nor compelling interest in, the burden placed by Defendant Currington upon Plaintiff Ashaheed's exercise of religion.

WHEREFORE, Plaintiff Tajuddin Ashaheed respectfully requests that this Court enter judgment in his favor and against Defendant Thomas E. Currington, and award Plaintiff Ashaheed all relief as allowed by law and equity, including, but not limited to the following:

a. Declaratory relief and injunctive relief, as appropriate;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;

d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

e. Issuance of an Order mandating appropriate equitable relief, including but not limited to issuance of a formal written apology from Defendant Currington to Plaintiff Ashaheed;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs; and

h. Such further relief as justice requires.

**PLAINTIFF ASHAHEED DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 13th day of April 2018.

                                            KILLMER, LANE & NEWMAN, LLP

                                            */s/David A. Lane*
                                            David A. Lane

Andy McNulty
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dlane@kln-law.com
amcnulty@kln-law.com


MANDARIN A. BOWERS, PC

*/s/ Mandarin A. Bowers*
Mandarin A. Bowers
1775 Sherman Street, Suite 1650
Denver, CO 80203
(720) 353-7434
mandarinbowers@msn.com

*Counsel for Plaintiff*